UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIDONIO CRUZ-SANTOS,<br>Petitioner,<br>v.<br>WARDEN MICHAEL BETZINGER,<br>Respondent. | Case No. 26-cv-07145-HSG<br>**ORDER TO SHOW CAUSE** |

Petitioner, an inmate at Pelican Bay State Prison, filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the San Francisco Superior Court's 2023 denial of his Cal Penal Code § 1172.6 petition for re-sentencing. *See generally* Dkt. No. 3. His petition, Dkt. No. 3, is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner has paid the filing fee. Dkt. No. 4.

## DISCUSSION

### A. Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

//

//

**B. Background**

In 2013, Petitioner and his co-defendant Augustin Zepeda-Onofre were convicted after a jury trial of the second-degree murder of Gabino Santiago Lopez (Cal. Penal Code § 187); unlawful cultivation of marijuana (Cal. Health & Safety Code § 11358); and assaults with a firearm (Cal. Penal Code § 245(a)(2)) of Lopez, Conrado Cruz, and Ramon Lopez-Velasco. The jury also found true allegations that both co-defendants were armed with and personally used a firearm (Cal. Penal Code §§ 12022(a)(1), (b)); that each defendant personally used a firearm in connection with the assaults (Cal. Penal Code §12022.5(a)(1)); that each defendant was armed with a firearm in connection with the cultivation count (Cal. Penal Code §12022.5(a)(1)); and that Petitioner furnished or offered to furnish a firearm to another in connection with the cultivation count (Cal. Penal Code § 12022.4). The jury also found Petitioner guilty of witness dissuasion (Cal. Penal Code § 136.1(c)(1)) with true findings on allegations that he was armed with and personally used a firearm (Cal. Penal Code §§ 12022(a)(1), 12022.5(a)(1)) in connection with this offense. *People v. Zepeda-Onofre*, No. A169100, 2025 WL 3033793, at *1 (Cal. Ct. App. Oct. 30, 2025). Petitioner was sentenced to an aggregate prison term of 42 years and 8 months to life.

Petitioner appealed. On November 18, 2025, the state appellate court affirmed the conviction and sentence. *People v. Cruz-Santos*, No. A139860, 2015 WL 7282040 (Cal. Ct. App. Nov. 18, 2015). The California Supreme Court denied review. Dkt. No. 3 at 3.

In 2019, Petitioner filed a petition for resentencing in the state trial court pursuant to Cal. Penal Code § 1172.6 (formerly Cal. Penal Code § 1170.95), which provides a procedure for defendants convicted of murder to retroactively seek relief due to statutory amendments to the felony murder rule and natural and probable consequences doctrine. *People v. Zepeda-Onofre*, No. A169100, 2025 WL 3033793, at *4 (Cal. Ct. App. Oct. 30, 2025). The trial court denied the petition in March 2021. *Id.* The state appellate court reversed the denial and remanded for further proceedings consistent with its opinion. *Id.* at *5. After briefing as to the state appellate court's intent and directions for the remand, the state trial court ultimately denied the resentencing petition again, finding that "neither Conrado nor any other third party was the actual killer; that, as to each of the defendants, there was 'reasonable doubt that the defendant was the direct perpetrator, and

similar doubt that he was the aider and abettor, but no such doubt that he was one or the other'; that these two defendants alone murdered the victim; and that each of the defendants acted with intent to kill and either personally killed the victim or aided and abetted the other in the killing." *Id.* at *7. On October 30, 2025, the state appellate court affirmed the denial of the resentencing petition, but modified the judgment to vacate the restitution fine imposed pursuant to Cal. Penal Code § 1202.4. *Id.* at *16.

Petitioner filed the instant petition on or about July 17, 2026. Dkt. No. 3.

**C. Order to Show Cause**

The petition alleges that there is insufficient evidence to support Petitioner's conviction for second-degree murder given the statutory amendments to the felony murder rule and natural and probable consequences doctrine, and that the state court therefore erred in denying his resentencing petition. *See generally* Dkt. No. 3. Liberally construed, the petition states a cognizable claim for federal habeas relief, *see In re Winship*, 397 U.S. 358, 364 (1970) (criminal defendant may be convicted only upon proof beyond reasonable doubt of every fact necessary to constitute crime with which he is charged), and merits an answer from Respondent, *see Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe *pro se* petitions for writs of habeas corpus liberally). Although resentencing under Section 1172.6 is a state remedy, the denial of a Section 1172.6 resentencing petition could potentially give rise to a due process claim if relief were warranted under the statute but denied, i.e., if the evidence were no longer sufficient to support a conviction of murder or attempted murder because of the changes to Cal. Penal Code § 188 or § 189, made effective January 1, 2019. *See, e.g., People v. Torres*, 46 Cal. App. 5th 1168, 1180 (Cal. Ct. App. 2020) (in discussing defendant's resentencing request pursuant to then Section 1170.95, stating that "[t]here is . . . a possibility that Torres was punished for conduct that is not prohibited by section 190.2 as currently understood, in violation of Torres's constitutional right to due process . . . because it would be unjust for a court to permit a court to deny a petitioner relief on the basis of facts that the jury did not necessarily find true, and which may not be sufficiently supported by the record.").

//



United States District Court
Northern District of California

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court orders as follows.

1. The Clerk shall serve electronically a copy of this order upon the respondent and the respondent's attorney, the United States Attorney for the Northern District of California, at the following email addresses: (1) usacan.ecf@usdoj.gov; (2) pamela.johann@usdoj.gov; and (3) kathy.terry@usdoj.gov. The petition and the exhibits thereto are available via the Electronic Case Filing System for the Northern District of California. The Clerk shall serve by mail a copy of this order on petitioner.

2. In accordance with Habeas Rule 2(a) and Rule 25(d)(1) of the Federal Rules of Civil Procedure, the Clerk of the Court is directed to substitute as Respondent Warden Michael Betzinger as respondent because he is Petitioner's current custodian.

3. Respondent shall file with the Court and serve on Petitioner, within **ninety-one (91) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on the claim(s) found cognizable herein. Respondent shall file with the answer and serve on Petitioner all documents that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a reply with the Court and serving it on Respondent within **thirty-five (35) days** of the date the answer is filed.

4. Respondent may file, within **ninety-one (91) days**, a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **twenty-eight (28) days** of the date the motion is filed, and Respondent shall file with the Court and serve on Petitioner a reply within **fourteen (14) days** of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute

pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

6. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

**IT IS SO ORDERED.**

Dated: 10/21/2026

Haywood S. Gilliam, Jr.

HAYWOOD S. GILLIAM, JR.
United States District Judge

United States District Court
Northern District of California